IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL NELSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00604 |
| | ) Judge Trauger |
| CITY OF NASHVILLE – COUNTY OF DAVIDSON, *et al.*, | ) Magistrate Judge Holmes |
| Defendants. | ) |

**ORDER**

The plaintiff, Daniel Nelson, a resident of Nashville, Tennessee, has filed this pro se action under 42 U.S.C. § 1983 against the defendants, City of Nashville – County of Davidson, Vaelika Pierce, D. Manning, and S.D. Ferguson. The complaint alleges that the defendants violated the plaintiff's First and Eighth[1] Amendment rights while the plaintiff was incarcerated at the Davidson County Sheriff's Office from May 21, 2024 to June 6, 2024. (Doc. No. 1). Specifically, the complaint alleges that, during the relevant time period, Officer Manning assaulted the plaintiff,

---

[1] The complaint does not state whether the plaintiff was a pretrial detainee or a convicted inmate at the time of the alleged assault by defendant Officer Manning. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). Excessive force claims brought by pretrial detainees fall under the Fourteenth Amendment. *Id*. Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

1

and Officer Ferguson and Davidson County Sheriff's Office Case Manager Vaelika Pierce violated the plaintiff's "religious rights" and "religious freedom." (Doc. No. 1 at PageID# 3).[2] Given the allegations of the complaint, the plaintiff has successfully invoked the court's federal question jurisdiction.

Because the plaintiff paid the full civil filing fee (Doc. No. 1-1) and was not incarcerated at the time he filed his complaint, there is no required screening of this pro se, nonprisoner complaint. Accordingly, the Clerk is **DIRECTED** to send the plaintiff a blank summons (AO 440) for each of the defendants. The plaintiff **MUST** complete the summonses and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed summonses, the Clerk is **DIRECTED** to issue summonses to the plaintiff for service on the defendants. Fed. R. Civ. P. 4(b).

Having paid the civil filing fee, it is the plaintiff's responsibility to ensure that each of the defendants is served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any

---

[2] The allegations set forth in the complaint are scant. (Doc. No. 1). The plaintiff provides no additional information regarding how these defendants allegedly violated his religious rights. The plaintiff is cautioned that he will ultimately be required to substantiate his allegations.

pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

3

Case 3:25-cv-00604    Document 5    Filed 06/17/25    Page 3 of 3 PageID #: 16