IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL NELSON | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00604 |
| | ) Judge Trauger |
| | ) Magistrate Judge Holmes |
| CITY OF NASHVILLE – COUNTY OF DAVIDSON, *et al.*, | ) |
| Defendants. | ) |

### METRO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Defendants Metro Nashville, Vaelika Pierce, and Damien Manning[1] move this Court under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint (Doc. No. 1) for failure to state a claim, and because the individual defendants are entitled to qualified immunity.

### BRIEF FACTS

These are all of Plaintiff's relevant factual allegations:

1. assault committed by D.C.S.O. Officer D. Manning. complaint filed while in detention - record of complaint/grievance has gone missing. Notice(s) given...
2. violation of religious rights/violation of religious freedom by D.C.S.O. Case Manager Velika Pierce - records documenting actions partially released, still awaiting full fulfilment, Notice(s) given...
3. violation of religious rights/violation of religious freedom by D.C.S.O. Officer SD Ferguson, records documenting actions released including a falsified record created by SD Ferguson.

(Compl., Doc No. 1 at 4.) These incidents allegedly occurred between May 21 and June 6, 2024.

(*Id*.) Plaintiff filed his complaint on June 2, 2025.

---

[1] Defendant Shiela Ferguson has not been served in this case.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679.

## ARGUMENT

**I.  Plaintiff's complaint fails to state a claim.**

Plaintiff alleges that Defendant Manning assaulted him, however, the complaint provides no specific facts to support this claim. Plaintiff does not state where or when the alleged assault occurred, what conduct constituted the assault, or any other details of the incident. Such conclusory allegations without material supporting facts are insufficient to state a claim. *See Riddle v. Rivard*, 2015 WL 74822, at *2 (E.D. Mich. Jan. 6, 2015) (dismissing vague claim that an officer physically assaulted plaintiff as insufficient because "conclusory allegations without material supporting facts are insufficient to state a claim"); *Twombly*, 550 U.S. at 557.

Similarly, Plaintiff alleges that Defendant Pierce violated his "religious rights." But, again, Plaintiff fails to allege *any* specific details (*i.e.*, where or when the alleged violation occurred, or what conduct constituted such a violation). *Riddle*, 2015 WL 74822, at *2. Instead, his allegations consist solely of legal conclusions. But the Court is not required to accept Plaintiff's legal conclusions as fact. *Iqbal*, 556 U.S. 662 at 678.

In addition, Plaintiff fails to assert *any claims* against Metro. Instead, Plaintiff's complaint assumes that Metro should be liable for the actions of its employees. But "[t]he TGTLA shields

Metro Nashville from vicarious liability for the defendant officers' alleged intentional torts." *Joslin v. Metro. Nashville*, 2013 WL 2250712, at *5 (M.D. Tenn. 2013) (Trauger, J.) (citing *Hughes v. Metro. Nashville,* 340 S.W.3d 352, 368–69 (Tenn. 2011)). Because Plaintiff has failed to allege any specific acts on Metro's part, he has failed to state any claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

## II. Defendants Pierce and Manning are entitled to Qualified Immunity.

Finally, in order to avoid dismissal on qualified immunity grounds, Plaintiff must allege facts against the individual defendants sufficient to show: "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Mockeridge v. Harvey*, 2025 WL 2304756, *3 (6th Cir. 2025) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018)). Thus, "[w]hen a complaint fails to allege a clearly established violation on its face, it will not often survive a motion to dismiss on qualified immunity grounds." *Gibson v. Abate*, 2025 WL 1913247, *3 (6th Cir. 2025) (cleaned up) (citing *Crawford v. Tilley*, 15 F.4th 752, 766 (6th Cir. 2021)).

Here, Plaintiff has not sufficiently pled his case. He has failed to allege any facts which would tend to show any clearly established constitutional violation against any of the defendants. Accordingly, the individual Metro defendants are entitled to a dismissal on the grounds of qualified immunity.

## CONCLUSION

The Metro Defendants respectfully request that this Court dismiss Plaintiff's complaint for failure to state a claim, and because the individual defendants are entitled to qualified immunity

Respectfully submitted,

*/s/Benjamin A. Puckett*
J. Brooks Fox, #16096
Benjamin A. Puckett, #40042
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6375
brook.fox@nashville.gov
benjamin.puckett@nashville.gov
*Counsel for Respondent*