IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL NELSON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NASHVILLE – COUNTY OF DAVIDSON, *et al.*, <br><br> Defendants. | No. 3:25-cv-00604 <br> Judge Trauger <br> Magistrate Judge Holmes |

**METRO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR EXTENSION AND MOTION TO AMEND COMPLAINT**

Defendants Metro Nashville, Vaelika Pierce, and Damien Manning[1] do not oppose Plaintiff's Motion extending his deadline to respond to their Motion to Dismiss (Doc. No. 15).

But, regarding Plaintiff's motion to amend, the request does not describe the substance of the proposed amendment. A motion to amend must comply with Local Rule 15.01(a)(1) which requires a moving party to "[d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought, and include as an appended exhibit the signed proposed amended pleading."

True, Fed. R. Civ. P. 15 requires leave to amend to be "freely given," however the license to amend is not unfettered. *Parchman v. SLM*, 896 F.3d 728, 736 (6th Cir. 2018) (listing examples of reasons why a motion to amend should be denied, including futility of the amendment). To that end, Defendants would likely not oppose a substantive amendment to the pleadings, but this Court

---

[1] Defendant Shiela Ferguson has not been served in this case.

(and Defendants) should be given an opportunity to review Plaintiff's proposed changes / additions before agreeing to such an amendment.

Accordingly, Defendants oppose Plaintiff's Motion to Amend the Complaint, subject to his refiling his motion in compliance with LR 15.01.

Respectfully submitted,

*/s/Benjamin A. Puckett*
J. Brooks Fox, #16096
Benjamin A. Puckett, #40042
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6375
brook.fox@nashville.gov
benjamin.puckett@nashville.gov