[BEGIN EXHIBIT A:

PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY (DOCKET NO. 22)

IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS]

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| Daniel Nelson ) | |
|    Plaintiff, ) | |
| ) | No. 3:25-cv-00604 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Holmes |
| CITY OF NASHVILLE — ) | |
| COUNTY OF DAVIDSON, *et al.*, ) | |
|    Defendants. ) | JURY DEMAND |
| ) | |

PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY (DOCKET NO. 22)

IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff expresses thanks to the Defendants for not opposing Plaintiff's Request for Leave of Court for a reasonable extension to file an amended complaint as requested in Plaintiff's reply (Docket No. 21) to Defendants' Motion to Dismiss (Docket No. 15).

Plaintiff, however, reasserts his position as stated in Plaintiff's Response (Docket No. 21) that Plaintiff has taken thorough and exhaustive measures to alert Defendant Sheilda D. Ferguson of Civil No. 3:25-cv-00604 and fulfill Service of Process to Defendant Sheilda D.

Ferguson for Civil No. 3:25-cv-00604 by executing and fulfilling Rule 4 of the Federal Rules of Civil Procedure by:

i. Tennessee Court Rule 4.04(9):

On July 07, 2025, United States Postal Service ("USPS")™ Certified Mail tracking number 9589 0710 5270 1982 4382 84 (USPS tracking status "Delivered" July 8, 2025) was postmarked to the mailing address for the Davidson County Sheriff's Office ("DCSO") as stated on their web site at URL https://sheriff.nashville.gov/contact-the-nashville-davidson-county-sheriffs-office/. This packet was addressed to Sheilda D. Ferguson's ("Ferguson") then-Direct Supervisor Thomas A. Conrad) and contained properly completed form AO398 and copy, a copy of the complaint, form AO399 for Sheilda D. Ferguson or her chain of command to complete, and a pre-stamped pre-addressed envelope to return completed form AO398. Please see Exhibit 1 Pages 1 through 15. Although this waiver of service packet was addressed to Ferguson's Supervisor at the DCSO mailing address, as indicated is the proper recipient in Tennessee Court Rule 4.04(9) to receive such a packet, the Nashville/Davidson Law Department (currently acting for the three other Defendants listed on this case) chose to intercept and obtain this envelop and sent it back to Plaintiff claiming that because Ferguson was out on disciplinary leave that there was no authorization for the DCSO or Metro's Law Department to accept service or waiver of service packets. The returned parcel was left in the hands of the Metro Law Department by USPS even though addressed to DCSO and also had the

original USPS Certified Mail green card still attached to the front of the envelope suggesting the proper protocol for delivery of Certified Mail between the USPS and the Sheriff's Office or Metro Law Department had not been followed and had been broken. An Office of the Postmaster General investigation was then opened as to how this protocol had been broken, the results of which have not yet been sent to the Plaintiff. Although Ferguson may have been on Disciplinary Leave at the time this packet was postmarked and delivered, Ferguson was active on duty the night that she infringed on and violated Plaintiff's rights and continues to work for her DCSO employer as of the date of this filing. The Plaintiff would like to point out that in the Defendants' Reply in Support of Their Motion to Dismiss (Docket No. 22) the Defendant states that delivery to Metro's Department of Law does not constitute service upon Metro employees which seems to be a contradiction to the fact that they intercepted this packet that was addressed to Ferguson and Sheila D. Ferguson's direct supervisor at the listed mailing address of Ferguson's employer, DCSO.

ii. Tennessee Court Rule 4.04(8)

Because of Metro Department of Law's previous interception of the above-described postmarked and delivered packet to DCSO in item "i", above, indicating to Plaintiff that the Metro Law Department was handling incoming parcels and speaking on behalf of Sheilda D. Ferguson, Ferguson's supervisor, and Ferguson's employer, DCSO, a properly completed service packet

including forms AO 440 Pages 1 and 2 and a copy of the complaint was served on said Law Department *after* Ferguson's return to active status (Ferguson had returned to active duty as indicated by Ferguson's released personnel file) via USPS Certified Mail tracking number 9589071052701982437966 (tracking status "Delivered"). You will notice that upon inspecting Exhibit 2 Pages 1 through 14, again, the Metro Law Department had an ability to intercept the USPS Certified Mail packet without properly executing the return receipt green card (and in spite of the USPS red stamp on the outside envelope reiterating, again, that return receipt is requested in addition to the Certified Mail green card specifying so, too), sending it back to me still attached as originally sent and seeming to, for a second time, break USPS Certified Mail protocol for delivery.

iii. Tennessee Court Rule 4.04(10)

Ferguson's Personnel File was supplied twice to Plaintiff through Records Requests submitted online via the DCSO web site. On each occasion of the release of Ferguson's Personnel File, DCSO left Ferguson's street address unredacted on the personnel file's photocopy of Ferguson's driver's license (Exhibit 5). Two separate packages were sent to Ferguson's DCSO-released street address containing a properly completed Form AO 398 and copy, Form AO 399 with a pre-stamped pre-addressed envelope, and a copy of the complaint. One of these packages was sent USPS Certified Mail tracking number 9589 0710 5270 1982 4382 91 and was returned to me in the mail

5 of 7

Case 3:25-cv-00604     Document 23-1     Filed 11/18/25     Page 4 of 6 PageID #: 80

(please see Exhibit 3 Pages 1 through 12). It is unclear to me as of the date of this filing whether Ferguson herself had anything to do with this certified mail package being returned to me in this manner. The second of these packages was sent first-class mail and was also returned to me (please see Exhibit 4 Pages 1 through 19). It is unclear to me as of the date of this filing whether Ferguson herself had anything to do with this first-class mailer being returned to me in this manner, as well.

With the documenting of these Service of Process and Waiver of Service attempts (Exhibits 1 through 4), Plaintiff has demonstrated that as of the date of this filing, without any motions yet requesting alternative service of process methods, that Plaintiff has made thorough efforts to fulfill Rule 4 of the Federal Rules of Civil Procedure according to Tennessee Rule 4.04 to have Ferguson served. Plaintiff believes that Metro Defendants have made conflicting positions being that they show they are able to both intercept mail, including USPS Certified Mail addressed to DCSO's web-published mailing address, on behalf of DCSO and its employees, as shown in included exhibits, but also seem to be claiming that Service of Process to Defendant's Metro Law Department mailing address does not constitute a Metro employee being served. Plaintiff asserts again his respectful request (as originally requested in Docket No. 21) that the Court please make a determination as to the status of Ferguson's Service of Process for her, 1) Individual capacity as a Defendant, and 2.) Official capacity as a Defendant. It seems it would be clear to Ferguson, her employer, and Metro Law Department that every party listed on the complaint knows of this case and

the Plaintiff's thorough completed documentation fulfilling Rule 4 of the Federal Rules of Civil Procedure.

Respectfully submitted and I ask for this,

*Daniel Nelson*

*Daniel Nelson, Plaintiff*

c/o 73 White Bridge Road, STE 103, Nashville, Tennessee

202-681-8223    dnels1@vt.edu